# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| YVONNE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: |
| | ) | |
| ST. VINCENT'S HEALTH SYSTEM and ST. VINCENT'S EAST, | ) ) ) | JURY TRIAL DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a complaint for legal and equitable relief to redress violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, 1332, and § 1343.

3. Venue for this action is proper under 28 U.S.C. § 1391. Defendant employed Plaintiff in the Southern Division of the Northern District of Alabama.

### PARTIES

4. Plaintiff Yvonne Johnson ("Ms. Johnson'"") is a citizen of the United States of America and of the State of Alabama and resides in the Southern Division of the Northern District of Alabama.

1

5. Defendants provide medical services and are an employer under the ADA and the ADEA. Defendants' primary place of business is in the Southern Division of the Northern District of Alabama.

## ADMINISTRATIVE REMEDIES

6. Defendant terminated Plaintiff Yvonne Johnson on April 15, 2019.

7. Ms. Johnson filed a Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") on June 17, 2019. (See Exhibit A).

8. Plaintiff filed her Charge of Discrimination within 180 days of her termination.

9. The EEOC issued a Dismissal and Notice of Rights to Ms. Johnson dated January 17, 2020. (See Exhibit A).

10. Ms. Johnson received the Dismissal and Notice of Rights after January 17, 2020.

11. Ms. Johnson initiated this action within 90 days of her receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

12. Ms. Johnson is seventy-one (71) years old. She has worked in the medical field as a Registered Nurse since 1981.

13. Ms. Johnson began working for Defendants in 2015 as a part-time RN in the operating room at St. Vincent's East.

14. Ms. Johnson injured her back while at work on March 5, 2018.

15. Ms. Johnson's physical impairments include multi-level degeneration and stenosis of the lower back, as well as diabetes.

16. After her injury, Ms. Johnson began receiving medical treatment through workers' compensation.

17. On July 16, 2018, Ms. Johnson had a face-to-face meeting with Leschen Hamner ("Hamner") in Human Resources to request a reasonable accommodation. Hamner advised Ms. Johnson that she could transfer to another position as a reasonable accommodation.

18. Ms. Johnson applied to open positions that she was qualified to perform on Defendants' website while she continued to receive medical treatment for her back injury.

19. Ms. Johnson attempted to communicate with Hamner regarding her applications on multiple occasions.

20. On March 21, 2019, Ms. Johnson was released to return to work in a light duty position.

21. On March 22, 2019, Ms. Johnson submitted a new request for accommodation directly to Hamner and Ashley Thomas in Human Resources, as

well as her direct supervisor Deidra Bentley. Ms. Johnson included March 21, 2019 work release with her request.

22. On March 22, 2019, Hamner acknowledged in writing that Ms. Johnson's request for accommodation had been received.

23. After submitting her request for accommodation, Ms. Johnson applied for open positions listed on Defendants' website that she was qualified to perform.

24. On April 12, 2019, Ms. Johnson had a face-to-face meeting with Hamner where Ms. Johnson expressed that she had difficulty accessing the application for all of the open positions listed on Defendants' website. Hamner did not offer assistance to Ms. Johnson with the applications. Hamner made reference to Ms. Johnson being close to retirement age.

25. On April 15, 2019, Defendants' terminated Ms. Johnson alleging that she failed to engage in the interactive process for a reasonable accommodation.

## COUNT ONE
## DISABILITY DISCRIMINATION CLAIM

26. Ms. Johnson incorporates by reference the allegations contained in paragraphs 1 through 25 as if set forth herein.

27. Ms. Johnson's physical impairments are disabilities under the ADA because she has a record of having physical impairments that substantially limit one or more major life activities.

28. Ms. Johnson was regarded by Defendants as having a physical impairments that substantially limit or limited one or more major life activities.

29. Ms. Johnson was a qualified individual as she could, with or without reasonable accommodations, perform the essential functions of a Registered Nurse in which she was employed by Defendants.

30. On April 15, 2019, Defendants terminated Ms. Johnson due to her disability.

31. Defendants' decision to terminate Plaintiff was, and is, unlawful and in violation of the Americans with Disabilities Act of 1990.

**WHEREFORE, PREMISES CONSIDERED**, Ms. Johnson respectfully requests that this Court grant her relief as follows:

a. Grant Plaintiff a declaratory judgment that the employment practices complained of herein violate the rights of Plaintiff as secured by the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

b. Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys, and those acting in concert with the Defendants and at the Defendants' request, from continuing to violate the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

c. Enter an order requiring Defendants to reinstate Plaintiff to employment with Defendants or front pay in lieu thereof.

d. Grant Plaintiff an award of back pay and fringe benefits (plus interest) and compensatory damages.

e. Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

## COUNT TWO
## FAILURE TO ACCOMMODATE CLAIM

32. Ms. Johnson incorporates by reference the allegations contained in paragraphs 1 through 31 as if set forth herein.

33. Ms. Johnson's physical impairments are disabilities under the ADA because she has a record of having physical impairments that substantially limit one or more major life activities.

34. Ms. Johnson was regarded by Defendants as having a physical impairments that substantially limit or limited one or more major life activities.

35. Ms. Johnson was a qualified individual as she could, with or without reasonable accommodations, perform the essential functions of a Registered Nurse in which she was employed by Defendants.

36. Ms. Johnson requested a reasonable accommodation and attempted to engage in the interactive process with Defendants.

37. Ms. Johnson was a qualified individual for several of Defendants' open positions during the relevant time period.

38. Defendants' refusal to provide reasonable accommodations was and is unlawful and in violation of the Americans with Disabilities Act of 1990.

**WHEREFORE, PREMISES CONSIDERED**, Ms. Johnson respectfully requests that this Court grant her relief as follows:

a. Grant Plaintiff a declaratory judgment that the employment practices complained of herein violate the rights of Plaintiff as secured by the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

b. Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys, and those acting in concert with the Defendants and at the Defendants' request, from continuing to violate the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

c. Enter an order requiring Defendants to reinstate Plaintiff to employment with Defendants or front pay in lieu thereof.

d. Grant Plaintiff an award of back pay and fringe benefits (plus interest) and compensatory damages.

e. Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

## COUNT THREE
## AGE DISCRIMINATION CLAIM

39. Ms. Johnson incorporates by reference the allegations contained in paragraphs 1 through 38 as if set forth herein.

40. At the time of her termination, Ms. Johnson was 71 years old.

41. Defendants replaced Ms. Johnson with a substantially younger employee.

42. At the time of her termination, Defendants made reference to Ms. Johnson being close to retirement age.

43. Defendants have exhibited a bias against older employees in favor of younger employees.

44. On April 15, 2019, Defendants terminated Ms. Johnson due to her age.

45. Defendants' decision to terminate Plaintiff was, and is, unlawful and in violation of the Age Discrimination in Employment Act.

**WHEREFORE, PREMISES CONSIDERED**, Ms. Johnson respectfully requests that this Court grant her relief as follows:

    a. Grant Plaintiff a declaratory judgment that the employment practices complained of herein violate the rights of Plaintiff as secured by the Age Discrimination in Employment Act.

    b. Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys, and those acting in concert with the

Defendants and at the Defendants' request, from continuing to violate the Age Discrimination in Employment Act.

c. Enter an order requiring Defendants to reinstate Plaintiff to employment with Defendants or front pay in lieu thereof.

d. Grant Plaintiff an award of back pay and fringe benefits (plus interest), compensatory damages, and liquidated damages.

e. Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

*/s/ Ashley R. Rhea*
Ashley R. Rhea
Bar Number: asb-8736-H81O
Attorney for Plaintiff

**OF COUNSEL:**
RHEA LAW LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233
Telephone: (205) 675-0476
Email: arhea@rhealawllc.com