IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| YVONNE PLAINTIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: 2:20-CV-00536-AMM |
| | ) | |
| ST. VINCENT'S HEALTH SYSTEM and ST. VINCENT'S EAST, | ) ) ) | JURY TRIAL DEMAND |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

## JURISDICTION

1. This is a complaint for legal and equitable relief to redress violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, 1332, and § 1343.

2. Venue for this action is proper under 28 U.S.C. § 1391. Defendants employed Plaintiff in the Southern Division of the Northern District of Alabama.

## PARTIES

3. Plaintiff Yvonne Johnson ("Plaintiff") is a citizen of the United States of America and of the State of Alabama and resides in the Southern Division of the Northern District of Alabama.

1

4. Defendants provide medical services and are an employer under the ADA. Defendants' primary place of business is in the Southern Division of the Northern District of Alabama.

## ADMINISTRATIVE REMEDIES

5. Defendants terminated Plaintiff on April 15, 2019.

6. Plaintiff filed a Charge of Discrimination against the Defendants with the Equal Employment Opportunity Commission ("EEOC") on June 17, 2019. (See Exhibit A).

7. Plaintiff filed her Charge of Discrimination within 180 days of her termination.

8. The EEOC issued a Dismissal and Notice of Rights to Plaintiff dated January 17, 2020. (See Exhibit A).

9. Plaintiff received the Dismissal and Notice of Rights after January 17, 2020.

10. Plaintiff initiated this action within 90 days of her receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

11. Plaintiff is seventy-one (71) years old. She has worked in the medical field as a Registered Nurse since 1981.

12. Plaintiff began working for Defendants in 2015 as a part-time RN in the operating room at St. Vincent's East.

13. Plaintiff injured her back while at work on March 5, 2018.

14. Plaintiff's physical impairments include multi-level degeneration and stenosis of the lower back, as well as diabetes.

15. After her injury, Plaintiff began receiving medical treatment through workers' compensation.

16. On July 16, 2018, Plaintiff had a face-to-face meeting with Leschen Hamner ("Hamner") in Human Resources to request a reasonable accommodation. Hamner advised Plaintiff that she could transfer to another position as a reasonable accommodation.

17. Plaintiff applied to open positions that she was qualified to perform on Defendants' website while she continued to receive medical treatment for her back injury.

18. Between July 2018 through February 2019, Plaintiff attempted to communicate with Hamner regarding her applications on multiple occasions.

19. On February 8, 2019, Plaintiff participated in a Functional Capacity Examination (FCE) to determine her ability to work in her position as a part-time RN in the operating room.

20. Plaintiff's FCE indicated her position as a RN to require medium level tasks. The FCE results found Plaintiff able to perform the essential functions of a medium level occupation.

21. On February 21, 2019, Plaintiff's treating physician Dr. Martin Jones released her to return to work at a medium level position, as found in Plaintiff's FCE results.

22. On March 22, 2019, Plaintiff submitted a new request for accommodation directly to Hamner and Ashley Thomas in Human Resources, as well as her direct supervisor Deidra Bentley. Plaintiff included the February 21, 2019 work release with her request.

23. On March 22, 2019, Hamner acknowledged in writing that Plaintiff's request for accommodation had been received.

24. On March 27, 2019, Plaintiff had a face-to-face meeting with Hamner in Human Resources to discuss returning to work and reasonable accommodations. Hamner recommended that Plaintiff try and find other positions.

25. After the meeting, Plaintiff applied for open positions listed on Defendants' website as Hamner had recommended.

26. On April 12, 2019, Plaintiff had a face-to-face meeting with Hamner where Plaintiff expressed that she had difficulty accessing the application for all of

the open positions listed on Defendants' website. Hamner did not offer assistance to Plaintiff with the applications.

27. On April 15, 2019, Defendants' terminated Plaintiff alleging that she failed to engage in the interactive process for a reasonable accommodation.

## COUNT ONE
## DISABILITY DISCRIMINATION CLAIM

28. Plaintiff's physical impairments include multi-level degeneration and stenosis of the lower back, as well as diabetes.

29. Plaintiff's physical impairments are disabilities under the ADA because she has a record of having physical impairments that substantially limit one or more major life activities.

30. Plaintiff was regarded by Defendants as having a physical impairments that substantially limit or limited one or more major life activities.

31. Plaintiff worked for Defendants as a part-time RN in the operating room at St. Vincent's East.

32. Plaintiff injured her back while at work on March 5, 2018.

33. On February 8, 2019, Plaintiff's FCE indicated her position as a RN to require medium level tasks. The FCE results found Plaintiff able to perform the essential functions of a medium level occupation.

34. On February 21, 2019, Plaintiff's treating physician Dr. Martin Jones released her to return to work at a medium level position, as found in Plaintiff's FCE results.

35. Plaintiff was a qualified individual as she could, with or without reasonable accommodations, perform the essential functions of a Registered Nurse in which she was employed by Defendants.

36. On April 15, 2019, Defendants terminated Plaintiff because of her disability.

37. Defendants' decision to terminate Plaintiff was, and is, unlawful and in violation of the Americans with Disabilities Act of 1990.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant her relief as follows:

a. Grant Plaintiff a declaratory judgment that the employment practices complained of herein violate the rights of Plaintiff as secured by the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

b. Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys, and those acting in concert with the Defendants and at the Defendants' request, from continuing to violate the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

c.  Enter an order requiring Defendants to reinstate Plaintiff to employment with Defendants or front pay in lieu thereof.

d.  Grant Plaintiff an award of back pay and fringe benefits (plus interest) and compensatory damages.

e.  Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

## COUNT TWO
## FAILURE TO ACCOMMODATE CLAIM

38.  Plaintiff's physical impairments include multi-level degeneration and stenosis of the lower back, as well as diabetes.

39.  Plaintiff's physical impairments are disabilities under the ADA because she has a record of having physical impairments that substantially limit one or more major life activities.

40.  Plaintiff worked for Defendants as a part-time RN in the operating room at St. Vincent's East.

41.  Plaintiff injured her back while at work on March 5, 2018.

42.  On July 16, 2018, Plaintiff had a face-to-face meeting with Leschen Hamner ("Hamner") in Human Resources to request a reasonable accommodation.

Hamner advised Plaintiff that she could transfer to another position as a reasonable accommodation.

43. Plaintiff applied to open positions that she was qualified to perform on Defendants' website while she continued to receive medical treatment for her back injury.

44. Between July 2018 through February 2019, Plaintiff attempted to communicate with Hamner regarding her applications on multiple occasions.

45. On February 8, 2019, Plaintiff's FCE indicated her position as a RN to require medium level tasks. The FCE results found Plaintiff able to perform the essential functions of a medium level occupation.

46. On February 21, 2019, Plaintiff's treating physician Dr. Martin Jones released her to return to work at a medium level position, as found in Plaintiff's FCE results.

47. Plaintiff was a qualified individual as she could, with or without reasonable accommodations, perform the essential functions of a Registered Nurse in which she was employed by Defendants.

48. On March 22, 2019, Plaintiff submitted a new request for accommodation to Defendants which included the February 21, 2019 work release.

49. On March 27, 2019, Plaintiff had a face-to-face meeting with Hamner in Human Resources to discuss returning to work and reasonable accommodations. Hamner recommended that Plaintiff try and find other positions.

50. After the meeting, Plaintiff applied for open positions listed on Defendants' website as Hamner had recommended.

51. On April 12, 2019, Plaintiff had a face-to-face meeting with Hamner where Plaintiff expressed that she had difficulty accessing the application for all of the open positions listed on Defendants' website. Hamner did not offer assistance to Plaintiff with the applications.

52. Plaintiff requested a reasonable accommodation and attempted to engage in the interactive process with Defendants.

53. Defendants' refusal to provide reasonable accommodations was and is unlawful and in violation of the Americans with Disabilities Act of 1990.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Ms. Plaintiff respectfully requests that this Court grant her relief as follows:

a. Grant Plaintiff a declaratory judgment that the employment practices complained of herein violate the rights of Plaintiff as secured by the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

b.     Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys, and those acting in concert with the Defendants and at the Defendants' request, from continuing to violate the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

c.     Enter an order requiring Defendants to reinstate Plaintiff to employment with Defendants or front pay in lieu thereof.

d.     Grant Plaintiff an award of back pay and fringe benefits (plus interest) and compensatory damages.

e.     Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

*/s/ Ashley R. Rhea*
Ashley R. Rhea
Bar Number: asb-8736-H81O
Attorney for Plaintiff

**OF COUNSEL:**
RHEA LAW LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233
Telephone: (205) 675-0476
Email: arhea@rhealawllc.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was served electronically via CM/ECF and/or U.S. mail, First Class, postage prepaid upon all parties on November 12, 2020:

Shannon L. Miller
Synovus Center
Jackson Lewis P.C.
800 Shades Creek Parkway
Suite 870
Birmingham, Alabama 35209
Attorney for Defendants

                                            */s/ Ashley R. Rhea*
                                            OF COUNSEL