IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRADFORD W. CARAWAY, as<br>Chapter 13 Standing Trustee,<br><br>      Plaintiff.<br><br>Vs.<br><br>ST. VINCENT'S HEALTH SYSTEM,<br>et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)   CASE NO. 2:20-CV-00536<br>)<br>)<br>)<br>)<br>)<br>) |

## STATUS REPORT TO COURT

Comes now, Bradford W. Caraway, as Chapter 13 Standing Trustee for the United States Bankruptcy Court for the Northern District Southern Division ("Caraway"), and improperly named plaintiff in the above case, by and through his attorney, and provides this status report to this court pursuant to Court Orders in the above case.

Caraway apologizes to the court for the tardiness of this report but Caraway only became aware of this case late last week from a telephone call to him from Ms. Miller, attorney for the defendants in this case.

## DIFFERENT CHAPTERS OF BANKRUPTCY

Before Caraway can give an appropriate status report to this court, a brief description of the different chapters of bankruptcy is required. There are numerous chapters in bankruptcy:

    Chapter 7 – (11 USC §701, et. seq.)
    Chapter 9 – (11 USC §901 et. seq.)
    Chapter 11 – (11 USC §1101, et. seq.)
    Chapter 12 – (11 USC §1201, et. seq.)
    Chapter 13 – (11 USC §1301, et. seq.)
    Chapter 15 – (11 USC §1501, et. seq.)

Each chapter of bankruptcy has different rules.  For the purposes of this status report it is only necessary to discuss Chapter 7 and Chapter 13.

In a Chapter 7 (also known as straight bankruptcy) a Chapter 7 trustee is appointed (usually from the standing panel for the district where the case is pending).  The Chapter 7 trustee takes control over all assets of the debtor, including lawsuits.

In a chapter 7, the chapter 7 trustee becomes the real party in interest as regards any litigation.  The chapter 7 trustee may or may not pursue litigation (pending or even unfiled).

In a Chapter 13 case (also known as debtor's court), the debtor stays in control of the assets of the debtor/estate.  The debtor proposes a plan to repay his/her creditors.  A chapter 13 standing trustee is appointed to accept payments from the debtor, make payments to creditors pursuant to a plan proposed by the debtor and to monitor the case.

In a chapter 13 the debtor is the appropriate party to be the plaintiff in litigation and control issues regarding settlement of the case.

Johnson filed her chapter 13 petition on April 3, 2020.  Yvonne Johnson's case was assigned case #20-01344.  This case was filed for Ms. Johnson by Daisy Holder.

On April 20, 2020, Ashley Rhea filed this case in the United States District Court for the Northern District of Alabama.

On July 23, 2021 (Docket #31), the debtor's attorney filed a motion to substitute Caraway as the plaintiff.  This was inappropriate.  Caraway did not receive notice of the motion to substitute until late last week.

**If** Caraway **had** received notice of the motion to substitute, he could have timely advised all parties and this Court of the inappropriateness of the motion to substitute.

Since the attorney for the plaintiff incorrectly represented the law in her motion, this court relied on said incorrect information and on July 26, 2021 (Docket #32) this court substituted Caraway as the plaintiff.

In her motion to this court, plaintiff's attorney incorrectly stated the law to this court "*Accordingly, the Chapter 13 Standing Trustee is now the proper party to assert Plaintiff's claims before this Court. Id.*" ¶4 page 2 of Motion to Substitute.  The Motion to Substitute cites to the case *Barger v. City of Cartersville, 348 F.3d 1289, 1292 (11th Cir. 2003)* which is a chapter 7 case and totally inappropriate to the case at bar.

A correct statement of the law applicable to this case is set out in the Eleventh Circuit case of *Crosby vs. Monroe County,* 394 F.3d 1328 (11th Cir. 2004) (copy attached).

At footnote 2, the Eleventh Circuit correctly sets out the applicable scenario:

> …. Additionally, because Crosby filed under Chapter 13 of the Bankruptcy Code, he retains standing to pursue legal claims on behalf of the estate. See 11 U.S.C. § 1303; Fed. R. Bankr.P. 6009; In re Mosley, 260 B.R. 590, 595 (Bankr.S.D.Ga.2000) ("In Chapter 13 cases where the debtor is the party plaintiff, courts recognize that the Chapter 13 debtor may sue and be sued, and that the debtor controls the litigation as well as the terms of the settlement."); see also Cable v. Ivy Tech State Coll.,200 F.3d 467, 474 (7th Cir.1999); Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513, 515 (2d Cir.1998); Mar. Elec. Co. v. United Jersey Bank,959 F.2d 1194, 1210 n. 2 (3d Cir.1991).

Thus, this Court's Order of April 20, 2020 substituting Caraway as a party should be set aside and Yvonne Johnson should be renamed the plaintiff in this case.

                                            Respectfully submitted,

                                            /s/William Dennis Schilling
                                            William Dennis Schilling
                                            Attorney for Bradford W. Caraway

Of Counsel:

William Dennis Schilling
Attorney at Law
P. O. Box 55147
Birmingham, AL 35255-5147
(205) 328-0464
schillinglawoffice@gmail.com

CERTIFICATE OF SERVICE

  I hereby certify that I served a copy of the above and foregoing upon the following via email this the 27th day of September 2021.

Ms. Ashley R. Rhea
arhea@rhealawllc.com

Ms. Shannon L. Miller
shannon.miller@jacksonlewis.com

              /s/William Dennis Schilling
              Of Counsel