

FILED
2022 Mar-01 PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| YVONNE JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:20-cv-00536-AMM |
| ST. VINCENT'S HEALTH SYSTEM and ST. VINCENT'S EAST, | ) |
| Defendants. | ) |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants St. Vincent's Health System and St. Vincent's East ("defendants") file this Reply in support of its Motion for Summary Judgment [Doc. 47] and in response to plaintiff's Evidentiary Materials [Doc. 50].

**A.     Plaintiff's Response Should be Stricken Based on Noncompliance**

This Court should strike plaintiff's evidence in response to defendant's summary judgment motion for noncompliance with this Court's October 29, 2020 Order governing summary judgment briefing. Plaintiff's response failed to comply with this Court's requirements regarding the responsive brief. *See* this Court's Order (Doc. 17 "briefs and evidentiary materials that do not conform to the following requirements may be stricken"). Rather than submit a brief in opposition to

defendants' summary judgment motion, plaintiff filed three exhibits without any declaration or testimony to explain the relevance (if any) of these documents.

## B.  Even if this Court Considers Exhibits, Plaintiff's Claims Fail

### 1.  Plaintiff Fails to Controvert Any of Defendants' Facts

This Court's October 29, 2020 Order [Doc. 17] provides that the material facts submitted by the moving party "will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment." *See* Doc. 17 at 18.  In opposition to defendants' summary judgment motion in the instant case, plaintiff fails to respond in any way to the facts presented in defendants' brief.  In accordance with this Court's Order, all facts presented by defendants should be deemed admitted.

### 2.  Even if Court Considers Material, No Issue of Fact Presented

It is questionable whether each of the unauthenticated documents submitted by plaintiff constitute evidence that could be reduced to admissible form to satisfy the Eleventh Circuit's standard.  *See Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005)("On motions for summary judgment, [the Court] may consider only that evidence which can be reduced to an admissible form").

Regardless, even if this Court considers the material submitted by plaintiff, defendants are still due summary judgment as to plaintiff's claims.  Exhibits A and B of plaintiff's submission appear to be work status forms for plaintiff ranging in

dates from March of 2018 to February of 2019 with varying limitations listed for plaintiff. Exhibit B appears to be a request for a panel of physicians associated with plaintiff's prior workers' compensation claim. Exhibit C is a note outlining a meeting between plaintiff and St. Vincent's staff where plaintiff describes her inability to perform the RN job she previously held and St. Vincent's efforts to assist her in applying for another job at St. Vincent's. If anything, Exhibit C demonstrates that plaintiff further limited her availability for jobs by not applying for any job that were not close to her home. *See* Doc. 50-3 at 3 ("Ms. Johnson indicated it is her preference to find something on the East campus because she doesn't really like to drive anymore and that she pretty much sticks to this side of town").

None of these exhibits present any issue of fact with respect to defendants' summary judgment motion. Rather the exhibits provide further support for St. Vincent's position that it more than reasonably accommodated plaintiff and did not terminate plaintiff in violation of the ADA. Taken as true, Exhibits A and B demonstrate that St. Vincent's honored plaintiff's varying work limitations during the pendency of her workers' compensation leave. The exhibits further confirm what plaintiff conceded in her deposition – that her work restrictions rendered her unable to perform the operating room nurse duties or any job requiring patient care. *See* Doc. 48-1 at 5-6, 8, 11. As such, plaintiff is unable to establish a *prima facie*

case of disability discrimination, nor can she demonstrate pretext with respect to the decision to terminate her employment as outlined in defendants' principal brief.

Exhibit C provides further confirmation of St. Vincent's extensive efforts to engage in the interactive process with plaintiff, as well as plaintiff's failure to productively participate in the interactive process. As detailed in defendants' principal brief, plaintiff's failure to accommodate claim fails because plaintiff is not a qualified individual and failed to identify any reasonable accommodation. By merely pointing to a few tasks she would like to perform, plaintiff did not actually engage in the interactive process. Despite this failure, St. Vincent's made efforts to assist plaintiff, but plaintiff failed to apply for available jobs. The ADA does not create an obligation to create a position that does not exist for a plaintiff to perform and as such, plaintiff's failure to accommodate claim is due to be dismissed.

## **CONCLUSION**

Plaintiff has failed to show that triable issues of fact remain as to any of her claims. For the reasons discussed above and those included in defendants' principal brief in support of their summary judgment motion, defendants respectfully request that this Court grant their Motion for Summary Judgment as to each of plaintiff's claims.

Respectfully submitted this 1st day of March, 2022.

*/s/ Shannon L. Miller*
Shannon L. Miller (ASB-8026-R60S)
shannon.miller@jacksonlewis.com
**JACKSON LEWIS P.C.**
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama 35209
Direct Dial: 205-332-3102
Fax:   (205) 332-3131

**Attorney for Defendants St. Vincent's Health System and St. Vincent's East**

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2022, I have served a true and correct copy of the foregoing upon plaintiff's counsel of record electronically by CM/ECF as follows:

Ashley R. Rhea, Esq.
RHEA LAW LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
arhea@rhealawllc.com

 */s/ Shannon L. Miller*
Counsel of Record