# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **YVONNE JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No.: 2:20-cv-00536-AMM** |
| **ST. VINCENT'S HEALTH** ) | |
| **SYSTEM and ST. VINCENT'S** ) | |
| **EAST,** ) | |
| ) | |
| **Defendants.** | |

## MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case is before the court on St. Vincent's Health System's and St. Vincent's East's (collectively, "St. Vincent's") motion for summary judgment. Doc. 47. For the reasons explained below, the motion is **GRANTED**.

### I. BACKGROUND

Under the court's Initial Order, "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment." Doc. 17 at 18. Plaintiff Yvonne Johnson did not controvert St. Vincent's statement of material facts. Accordingly, for purposes of summary judgment, these are the relevant undisputed facts construed in the light most favorable to Ms. Johnson:

DRAFT

In December 2015, Ms. Johnson began working for St. Vincent's as a part-time Registered Nurse ("RN") in the operating room at its East Facility. Doc. 18 ¶ 12; Doc. 49 ¶ 4. Her primary responsibility was to provide professional nursing care to patients undergoing surgery or other invasive procedures. Doc. 49 ¶ 6. Her employment necessitated frequent lifting and carrying of items up to 25 pounds as well as frequent standing and walking. *Id.* ¶ 7.

In 2017 and 2018, Ms. Johnson suffered two work-related injuries. Doc. 18 ¶ 13; Doc. 49 ¶ 8. Ultimately, Ms. Johnson's physician cleared her to return to work with temporal restrictions for standing and weight restrictions for lifting and carrying. Doc. 49 ¶ 11; *see also* Doc. 50-3 at 2. In her deposition, Ms. Johnson acknowledged that her work restrictions—which exist to this day—render her unable to perform many of the essential functions of her employment. Doc. 48-1 at 5–6, 8; *see also* Doc. 48-5 at 3 (detailing the physical requirements of Ms. Johnson's employment and the requirements she was unable to perform).

In March and April of 2019, Ms. Johnson and St. Vincent's personnel met to discuss alternative employment positions. Doc. 18 ¶¶ 24, 26; Doc. 49 ¶ 15. Thereafter, the parties' narratives diverge. Ms. Johnson testified that she applied for four alternative positions within St. Vincent's. Doc. 48-1 at 12. However, St. Vincent's asserts that it has no record of any of these applications. Doc. 49 ¶ 26. On April 15, 2019, St. Vincent's terminated Ms. Johnson's employment, citing her

failure to participate in the interactive process as the basis for termination. Doc. 48-4 ¶ 9.

After exhausting her administrative remedies, Ms. Johnson filed a three-count complaint against her former employer. Doc. 1. The court struck the initial complaint as an impermissible shotgun pleading. Doc. 17. Thereafter, Ms. Johnson filed a two-count amended complaint. *See* Doc. 18. Count One alleges that St. Vincent's decision to terminate Ms. Johnson's employment was a result of disability discrimination in violation of the Americans with Disabilities Act. *Id.* ¶¶ 36–37. Count Two alleges that St. Vincent's failed to accommodate Ms. Johnson's disability in violation of the Americans with Disabilities Act. *Id.* ¶¶ 52–53.

On January 25, 2022, St. Vincent's moved for summary judgment on all claims. Doc. 49. The next day, Ms. Johnson submitted evidentiary materials "in support of her Response and Brief in Opposition" to Defendants' motion for summary judgment. Doc. 50; *see also* Docs. 50-1, 50-2, 50-3. However, Ms. Johnson did not submit a brief in opposition to Defendants' motion. St. Vincent's replied to Ms. Johnson's evidentiary submission, requesting the court to "strike plaintiff's evidence in response to defendant's summary judgment motion for noncompliance with this Court's … Order governing summary judgment briefing" and grant summary judgment in its favor. Doc. 51 at 1.

## II.   STANDARD OF REVIEW

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There can be "no genuine issue as to any material fact" when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In such a situation, the movant is "entitled to a judgment as a matter of law" and Rule 56 "mandates the entry of summary judgment[.]" *Id*.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[.]" *Celotex Corp.*, 477 U.S. at 323. If the movant meets this initial burden, then responsibility "devolves upon the non-movant to show the existence of a genuine issue as to the material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). All reasonable doubts about the facts should be resolved in favor of the nonmovant, and all justifiable inferences should be drawn in the nonmovant's favor. *Id*. at 1115.

Summary judgment must be granted if the nonmoving party has "failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1294 (11th Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 323). If a party fails to address another

party's assertion of fact, the court may "consider the fact undisputed for purposes of the motion[, or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e). The district court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion … [and] review all of the evidentiary materials submitted in support of the motion[.]" *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004); *accord Trs. Cent. Pension Fund Int'l Union Operating Eng'rs & Participating Emp'rs v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039–40 (11th Cir. 2004).

## III.   ANALYSIS

"To establish a prima facie case of discrimination under the ADA, a plaintiff must show: (1) she is disabled; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of her disability." *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000). For purposes of summary judgment, St. Vincent's concedes that Ms. Johnson has a disability. Doc. 49 at 8. However, St. Vincent's alleges that it is entitled to summary judgment for both Ms. Johnson's termination claim and failure-to-accommodate claim because she is not a "qualified" individual. Doc. 49 at 8–9, 12–13. St. Vincent's also provides alternative and independent grounds for summary judgment in its favor. *See* Doc. 49 at 9–12, 13–

DRAFT

15. Because there is no genuine dispute of material fact that Ms. Johnson is not a "qualified" individual, the court does not address St. Vincent's alternative grounds.

A qualified individual is one who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *accord Thomas v. Cobb Cnty. Sch. Dist.*, No. 21-11325, 2021 WL 5098767, at *1 (11th Cir. Nov. 2, 2021). Therefore, an ADA plaintiff must establish "either that [she] can perform the essential functions of [her] job without accommodation, or, failing that, show that [she] can perform the essential functions of [her] job with a reasonable accommodation." *Id.* (quoting *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1229 (11th Cir. 2005)). Ms. Johnson has made neither showing.

*First*, there is no genuine dispute that Ms. Johnson cannot perform the essential functions of her employment without accommodation. Ms. Johnson testified that she was not able to perform the essential functions of her employment without accommodation at the time of her termination and that she remains unable to do so. *See* Doc 48-1 at 8. The evidentiary materials submitted by Ms. Johnson in opposition to St. Vincent's motion for summary judgment further confirm that she could not perform the functions of an operating room RN. Doc. 50-3 at 2 (indicating that Ms. Johnson was unable to constantly stand or walk). Thus, there is no dispute

6

that Ms. Johnson was unable to perform the essential functions of her employment without accommodation.

*Second*, there is no genuine dispute that Ms. Johnson could not perform the essential functions of her employment with a reasonable accommodation. When an ADA plaintiff cannot perform the essential functions of her employment without accommodation, the only remaining way to establish that the plaintiff is a qualified individual is to prove that she can perform the essential functions of her job with a reasonable accommodation. *Thomas*, No. 21-11325, 2021 WL 5098767, at *1. "An accommodation is reasonable 'only if it enables the employee to perform the essential functions of the job.'" *Id*. at *2 (quoting *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007)). "[T]he ADA does not require the employer to eliminate an essential function of the individual's job." *Thomas*, No. 21-11325, 2021 WL 5098767, at *2.

The plaintiff bears the burden of identifying a reasonable accommodation and the "ultimate burden of persuasion with respect to demonstrating that such an accommodation is reasonable." *Id*. (quoting *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997). Although an employer is obligated to engage in the interactive process to accommodate their employee, the ADA does not obligate an employer to create a new position as an accommodation.

DRAFT

*Thomas*, No. 21-11325, 2021 WL 5098767, at \*2; *Boyle v. City of Pell City*, 866 F.3d 1280, 1289 (11th Cir. 2017).

Ms. Johnson's evidentiary submission included notes taken by St. Vincent's personnel summarizing an interactive process accommodation meeting. *See* Doc. 50-3. In this meeting, Ms. Johnson provided "no" suggestions of accommodations that would enable her to perform the functions of an operating room RN. *Id*. at 2. Moreover, Ms. Johnson indicated that there were "no" other RN roles she was able to perform. *Id*. In her deposition, Ms. Johnson testified that she requested assignment to the role of (1) making follow-up phone calls to patients, (2) interacting with families during surgery, (3) teaching CPR, (4) ministering to patients, and (5) changing dressings. Doc. 48-1 at 11–16. Yet she also testified that a job with such limited responsibilities did not exist at St. Vincent's. *Id*. at 15. St. Vincent's also submitted evidence that a job with such limited responsibilities did not exist at St. Vincent's. Doc. 48-4 ¶ 6.

Ms. Johnson alleges that she applied for alternative positions with St. Vincent's, Doc. 48-1 at 12, but concedes that that she lacked the educational qualifications for these roles or that her lifting restrictions otherwise rendered her unqualified. Doc. 48-1 at 12. Although St. Vincent's does not have a record of the applications, Doc. 49 ¶ 26, St. Vincent's submitted evidence that Ms. Johnson's restrictions made her ineligible for such positions. Doc. 48-4 ¶ 6.

DRAFT

It is unclear whether Ms. Johnson met her initial burden of identifying a reasonable accommodation during the interactive process. *Compare* Doc. 50-3 at 2 (indicating that Ms. Johnson provided "no" suggested accommodation to her position as an RN), *with* Doc. 48-1 at 12–16 (alleging that Ms. Johnson requested limited work responsibilities). However, even if Ms. Johnson requested as a reasonable accommodation a reassignment with limited responsibilities, such a position did not exist at St. Vincent's. Doc. 48-1 at 15; Doc. 48-4 ¶ 6. And St. Vincent's obligation to provide Ms. Johnson with a reasonable accommodation does not encompass an obligation to create new positions for her. *Thomas*, No. 21-11325, 2021 WL 5098767, at *2. Finally, even if Ms. Johnson applied for alternative positions with St. Vincent's, there is no dispute that she lacked the necessary qualifications for those roles. Doc. 48-1 at 12; Doc. 48-4 ¶ 6. Accordingly, no reasonable jury could find that Ms. Johnson "can perform the essential functions of [her] job with a reasonable accommodation," *Thomas*, No. 21-11325, 2021 WL 5098767, at *1, Ms. Johnson cannot prove an essential element of both of her claims, and St. Vincent's is entitled to judgment as a matter of law.

### IV. CONCLUSION

For the foregoing reasons, the motion for summary judgment by St. Vincent's Health System and St. Vincent's East, Doc. 47, is **GRANTED**. The court will enter a separate order consistent with this Memorandum Opinion.

DRAFT

**DONE** and **ORDERED** this 25th day of August, 2022.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE